## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES GUFFIN,

      Plaintiff,

      v.

MICROLITER ANALYTICAL
SUPPLIES, INC.;
KIMBERLY GAMBLE; and
WHEATON INDUSTRIES INC.,

      Defendants.

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James Guffin, by and through undersigned counsel, hereby files this Complaint against Defendant MicroLiter Analytical Supplies, Inc. ("Defendant MicroLiter"); Kimberly Gamble ("Defendant Gamble"); and Wheaton Industries, Inc. ("Defendant Wheaton").

## INTRODUCTION

1.     This is an action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219.

1

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3.      Pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3), venue is proper in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to Plaintiff's claims, as alleged herein, occurred within this District and Division, and (2) Defendant Gamble and Defendant MicroLiter reside and transact business in this District and Division.

## PARTIES

4.      Plaintiff is a citizen of Georgia who resides in Gwinnett County, Georgia.

5.      Defendant MicroLiter is a domestic Georgia corporation with its principal office address located in Gwinnett County, Georgia at 3680 Burnette Park Drive, Suite  C, Suwanee, Georgia 30024-7106, as listed with the Georgia Secretary of State.

6.      Defendant MicroLiter's registered agent is National Registered Agents Inc. at 1201 Peachtree Street NE, Atlanta, Georgia 30361, as listed with the Georgia Secretary of State.

7.     Defendant Gamble is a Georgia resident.

8.     On information and belief, Defendant Gamble resides in Hart County, Georgia.

9.     Defendant Wheaton is a Delaware corporation with its principal office address located at 1501 North 10th Street, Millville, New Jersey 08332.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM THAT DEFENDANT WHEATON IS LIABLE TO THE SAME EXTENT AS DEFENDANT MICROLITER FOR THE CLAIM ALLEGED HEREIN

10.     In December of 2012, Defendant Wheaton purchased all outstanding shares of Defendant MicroLiter.

11.     Defendant Wheaton is the successor in interest to Defendant MicroLiter and is therefore directly liable for all claims herein alleged against Defendant MicroLiter.

12.     On information and belief, Defendant Wheaton purchased all of the stock of Defendant MicroLiter through a transaction characterized as a stock purchase, statutory merger, or other merger form, such that Defendant Wheaton exercises material and substantial control over Defendant MicroLiter.

13.     Prior to the closing of the transaction described in Paragraph 12, Defendant Wheaton exercised material and substantial control over Defendant

MicroLiter as to matters related to Plaintiff's employment through its agent Wayne Brinster.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM THAT DEFENDANT GAMBLE WAS PLAINTIFF'S EMPLOYER UNDER THE FLSA**

14.     At all times relevant, Defendant Gamble qualified as an "employer" under 29 U.S.C. § 203(d).

15.     On information and belief, Defendant Gamble held a significant ownership interest in Defendant MicroLiter, which has been, and continues to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

16.     Defendant Gamble, a Georgia resident, was Chief Executive Officer of Defendant MicroLiter until Defendant MicroLiter was acquired by Defendant Wheaton.

17.     Defendant Gamble was a shareholder and co-owner of Defendant MicroLiter until it was acquired by Defendant Wheaton.

18.     Defendant Gamble acted directly and indirectly in the interest of Defendant MicroLiter in relation to Plaintiff.

19.     At all times relevant, Defendant Gamble exercised day-to-day control over the affairs of the sales department of Defendant MicroLiter.

4

20.     Defendant Gamble had the authority to approve promotions and raises for sales department employees of Defendant MicroLiter, including Plaintiff.

21.     Defendant Gamble had the authority to hire and terminate employees of Defendant MicroLiter, including Plaintiff.

22.     At all times relevant, Defendant Gamble was one of Plaintiff's direct supervisors.

23.     Defendant Gamble directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant MicroLiter.

24.     Throughout Plaintiff's employment, Defendant Gamble assigned him work tasks.

25.     Defendant Gamble played a substantial role in determining Plaintiff's work schedule.

26.     Defendant Gamble had the power to make binding policy decisions for Defendant MicroLiter.

## COUNT I: WILLFUL FAILURE TO PAY OVERTIME WAGES

27.     In August of 2009, Defendant MicroLiter offered Plaintiff a position as Director of Sales.

28.     Plaintiff accepted Defendant MicroLiter's offer of employment, and he started work on or about August 17, 2009.

29.     Plaintiff worked as Director of Sales for Defendant MicroLiter until he was terminated on or about December 14, 2012.

30.     Defendant MicroLiter and Defendant Gamble employed Plaintiff, who handled and otherwise worked on goods and/or materials that had been moved in or produced for interstate commerce.

31.     At all times relevant, Defendant MicroLiter had an annual gross volume of sales made, or business done, in excess of $500,000.00 per annum.

32.     In the first quarter of 2012, Defendant MicroLiter began paying Plaintiff commission-only wages.

33.     After Defendant MicroLiter began paying Plaintiff commission-only wages, Plaintiff was not compensated on either a salary or a fee basis.

34.     Plaintiff regularly worked in excess of forty (40) hours per week while employed as Director of Sales for Defendant MicroLiter.

35.     Defendant MicroLiter at no time paid Plaintiff overtime wages or compensation.

36.     Defendant MicroLiter failed to compensate Plaintiff for all hours worked.

37.     Defendant MicroLiter failed to maintain accurate records of Plaintiff's work hours.

38.     Defendant MicroLiter's failure to maintain accurate records of Plaintiff's time is an independent violation of the FLSA.

39.     Defendant MicroLiter's violations of the FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because Defendant MicroLiter: (1) failed to maintain accurate time records for Plaintiff; (2) failed to compensate Plaintiff for all hours worked; (3) failed to pay Plaintiff any overtime wages; and (4) misclassified Plaintiff as "exempt" from the FLSA's overtime provision without having a legal basis for doing so.

40.     Defendant Gamble was Plaintiff's joint-employer pursuant to the FLSA.

41.     Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendant MicroLiter and Defendant Gamble are jointly and severally liable to Plaintiff for three years of unpaid overtime wages, an equal amount as liquidated damages, reasonable attorneys' fees, and costs.

42.     As Defendant MicroLiter's successor in interest, Defendant Wheaton is liable to Plaintiff for to the same extent as Defendant MicroLiter for Plaintiff's damages, costs, and attorney's fees under the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a trial by jury and requests the following relief:

a. entry of judgment in favor of Plaintiff against all Defendants;

b. time and one-half overtime wages for each hour worked by Plaintiff above 40 per week during the statutory period;

c. an order holding Defendants jointly and severally liable to Plaintiff for his FLSA overtime claim;

d. liquidated damages in an amount equal to the amount of Plaintiff's unpaid overtime wages;

e. an award of reasonable attorney's fees and costs; and

f. all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial

on all issues triable by a jury.


**RESPECTFULLY SUBMITTED**:   June 12, 2013

**MAYS & KERR LLC**                                    /s/ Jeff Kerr
229 Peachtree Street NE                           Jeff Kerr
International Tower | Suite 980                    Ga. Bar No. 634260
Atlanta, GA 30303                                 jeff@maysandkerr.com
Telephone:  (404) 410-7998
Facsimile:   (877) 813-1845


Counsel for Plaintiff