IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES GUFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>MICROLITER ANAYLITICAL SUPPLIES, INC., KIMBERLY GAMBLE, WHEATON INDUSTRIES, INC. and ITSP SOLUTIONS, INC.,<br><br>    Defendants.<br><br>MICROLITER ANALYTICAL SUPPLIES, INC.,<br><br>    Counter-Claimant,<br><br>v.<br><br>JAMES GUFFIN,<br><br>    Counter-Defendant. | CIVIL ACTION NO.<br>1:13-cv-2035-AT |

## **ORDER**

The parties have filed a proposed consent order of dismissal with prejudice of this matter [Doc. 17.] The Court has conducted an in camera review of the parties' agreement to determine its adequacy and consistency with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216. See *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).[1]  Additionally, the Court held a phone conference with counsel on September 13, 2013, regarding the basis of the parties' agreement and request for confidentiality concerning the terms of the agreement.

Based on its review of the parties' agreement and conference with their counsel, the Court concludes:  (1) the terms of the agreement are fair and reasonable and were negotiated in a context where multiple non-FLSA claims and issues were at potential issue; (2) the agreement was reached in an adversarial context where all parties had legal representation; (3) exceptional circumstances justify the Court's relaxing its normal requirement that all FLSA agreements be filed on the record.

Therefore, the Court **APPROVES** the parties' agreement.  This action, including all claims and counterclaims, is **DISMISSED WITH PREJUDICE.**  Each party shall bear its or his own costs.

It is so **ORDERED** this 17th day of September, 2013.

Amy Totenberg
United States District Judge

---

[1] Under the FLSA, there are only two routes for compromise of FLSA claims.  "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them."  *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness."  *Id.*

2